# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8785 | **DATE** | 9/3/2002 |
| **CASE TITLE** | James Driura vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order. Petition of plaintiff James Dziura for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/3/2002 date mailed notice | |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES DZIURA, )
)
    Plaintiff, )
)
vs. )
) No. 01 C 8785
JO ANNE BARNHART, Commissioner ) Edward A. Bobrick,
of Social Security, ) Magistrate Judge
)
    Defendant. )

                               0 4 2002

## MEMORANDUM ORDER

Before the court is the petition of plaintiff James Dziura for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Plaintiff filed an application for DIB and SSI on December 18, 1996, claiming he was disabled since April 11, 1992, due to a seizure disorder. His application was denied at all levels of administrative review, culminating in an unfavorable decision by an administrative law judge ("ALJ") following an administrative hearing. The ALJ found that plaintiff was not disabled because he could perform medium work. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review of the decision on September 19, 2001. (R. 6-7). Thereafter, plaintiff sought judicial review in the federal district court, seeking to overturn or remand the decision. This court granted the plaintiff's motion for remand, based on

the poorly developed medical record, and some mischaracterization of evidence on the ALJ's part. Plaintiff now seeks an award of fees under EAJA.

Under EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this case, the government does not dispute that plaintiff was the prevailing party; the only issue is whether the government's position was "substantially justified." The government bears the burden of showing that its position was substantially justified. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir.2000); *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996). A position could be incorrect and still be considered substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2 (1988). The government's position is "substantially justified" where it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id.* At 565, 108 S.Ct. at 2550. Courts have also described "substantial justification" as requiring that the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark Constr.*, 200 F.3d at 1080 (citations and quotations omitted).

the poorly developed medical record, and some mischaracterization of evidence on the ALJ's part. Plaintiff now seeks an award of fees under EAJA.

Under EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this case, the government does not dispute that plaintiff was the prevailing party; the only issue is whether the government's position was "substantially justified." The government bears the burden of showing that its position was substantially justified. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir.2000); *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996). A position could be incorrect and still be considered substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2 (1988). The government's position is "substantially justified" where it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id.* At 565, 108 S.Ct. at 2550. Courts have also described "substantial justification" as requiring that the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark Constr.*, 200 F.3d at 1080 (citations and quotations omitted).

In assessing a claim for fees under the EAJA, the court must consider both the government's litigation and pre-litigation conduct, and make one determination as to whether the position throughout the entire process was substantially justified. *Id.*; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir.1994). The court does not make separate determinations regarding each stage but "arrive[s] at one conclusion that simultaneously encompasses and accommodates the entire civil action." *Jackson*, 94 F.3d at 278. Thus, "fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036.

In addition, as the court explained in *Hallmark Constr.*, "there is also a certain element of policy involved in the award of attorney's fees under the EAJA." 200 F.3d at 1080. "The potential threat of having to pay for the litigation costs of the opposing party may serve as an encouragement to government agencies to investigate, prepare and pursue litigation against private parties in a professional and appropriate manner." *Id.* The court also felt that possible fee awards would encourage private parties to "assist in the valuable public service [of] improving the efficiency of government operations." *Id.*

After examining the record, this court granted plaintiff's motion for a remand. More specifically, the court found that the medical record was poorly developed, despite the fact that it was 450 pages long and covered twenty years. The vast majority of the evidence was at least ten years old. Nevertheless, the record did demonstrate that plaintiff

3

suffered from seizures and a psychological impairment, which may or may not be linked. He also has a brain tumor which, again, may or may not be linked to his other impairments. All of these questions were left unanswered by the medical evidence. Plaintiff's condition has resulted in a history of psychotic episodes and hallucinations. His condition drove him to attack his father on one occasion. The medical expert the Commissioner employed in this case testified that plaintiff's condition met the listing of impairments, meaning that it was disabling.

In his opinion, the ALJ rejected the medical expert's assessment, finding it conflicted with the medical evidence. As, this court found, however, some of that evidence was out of date, and none of it addressed the questions that are so obviously raised by plaintiff's condition. Specifically, the court found:

> While portions of the ALJ's handling of the question of whether plaintiff's impairment meets the Listings appear to be sound, others are based on mischaracterizations of the record. There is no way for the court to tell which informed the ALJ's opinion more. While we may not necessarily disagree with the ALJ's conclusion, we cannot adequately evaluate the ALJ's reasoning given these deficiencies.
> The record in this case is rather poor, owing perhaps to plaintiff's refusal of treatment. That may well be tied into his psychological impairment. It may be that the pineal tumor has an affect on plaintiffs judgment, as Dr. Davis suggested. *See* 20 CFR §§ 404.1530(c); 416.930 (consideration of mental limitations in refusal to follow treatment). These questions appear to be very significant in this case, but unfortunately, they were not adequately addressed in the record. Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). Failure to fulfill this obligation is "good cause" to remand for gathering of additional evidence. *Id.* In this case, certainly, a more recent psychological examination that addresses these concerns would be in order. In addition,

>some type of medical evidence regarding plaintiff's pineal tumor and its effects would be as well. Then, given that information, a medical expert could be called upon to render a better-informed opinion as to whether plaintiff's condition meets the listings.

(*Memorandum Order*, 12-13).

In the court's view, the record in this case–lengthy though it may have been–cried out for further development. The evidence raised far more questions about plaintiff's condition than it answered. Certainly, short shrift was given to plaintiff's brain tumor and its possible affect on plaintiff's seizure and psychological disorders. The administrative proceedings in this case lasted nearly five years: there was ample time and opportunity for the Commissioner to address to deficiencies in the medical record. The lack of development of the record became all the more significant in view of the Commissioner's medical expert opining that plaintiff was disabled under the listings. In order to refute that finding, the ALJ was forced to rely on ten-year-old evidence; there was also some mischaracterization of evidence. Our sense in reviewing the decision in view of the record was that far more speculation occurred than should have been necessary. A fee award would serve the public policy concerns discussed in *Hallmark Constr.* and perhaps encourage better development in the future. In view of these factors, the court finds that the government's position was not substantially justified. Accordingly, we find the plaintiff entitled to an award of attorney's fees under EAJA in the amount of $5,761.25.

## III. CONCLUSION

For the foregoing reasons, the plaintiff's petition for an award of attorney's fees under EAJA is GRANTED.

ENTERED: *Edward A. Bobrick*
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

DATE: September 3, 2002